1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Jennifer Lynch (SBN 240701)
*jlynch@eff.org*
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993

*Attorney for Plaintiff*
*Electronic Frontier Foundation*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No.: 12-cv-5580 PJH |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| DEPARTMENT OF HOMELAND SECURITY, | Date:  March 21, 2013<br>Time:  2:00 p.m.<br>Place:  Courtroom 3, 3rd floor |
| Defendant. | Judge:  Hon. Phyllis J. Hamilton |

Plaintiff Electronic Frontier Foundation ("EFF") and Defendant the United States Department of Homeland Security ("DHS") respectfully submit the following joint case management statement.

### 1.    Jurisdiction and Related Issues

The parties stipulate and agree that (1) venue is properly laid in this District under 5 U.S.C. § 552(a)(4)(B); and (2) that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331.  No issues exist regarding personal jurisdiction.  Defendant has been properly served pursuant to Fed. R. Civ. P. 4(i)(1).

### 2.    Facts

In a letter sent by facsimile on June 25, 2012, Plaintiff submitted a Freedom of Information Act ("FOIA") request to U.S. Customs & Border Protection ("CBP").  CBP is a component of Defendant DHS.  In the FOIA request, EFF sought documents relating to CBP's use of unmanned aircraft systems ("UAS") to assist the operations or activities of other agencies.  Specifically, Plaintiff's FOIA request sought three categories of documents: (1) all agency records created from January 1, 2010 to the present regarding CBP and/or DHS policies or procedures for responding to requests from other agencies for assistance involving the use of UAS; (2) all agency records created from January 1, 2010 to the present regarding records or logs of CBP UAS flights to assist in any operation or activity of another agency; and (3) a copy of the "Concept of Operations for CBP's Predator B Unmanned Aircraft System, FY2010 Report to Congress."

CBP sent a letter to Plaintiff dated July 9, 2012 that assigned a control number to EFF's FOIA request.  After Defendant failed to process or produce records in response to Plaintiff's FOIA request, Plaintiff filed this lawsuit on October 30, 2012.

Since that time, the parties have been working in good faith in an attempt to resolve some of the issues in this action and to agree on a schedule for the release of information responsive to Plaintiff's FOIA request.  Most recently, counsel for the parties spoke by telephone on March 6, 2013 regarding Defendant's response to Plaintiff's FOIA request.

On January 25, 2013, CBP released the only record responsive to the first category of documents sought in Plaintiff's FOIA request.

In the March 6, 2013 telephone conversation mentioned above, counsel for Defendant proposed that, with regard to the second category of documents sought in Plaintiff's FOIA request, Defendant will release, for each year covered by the request, a document containing entries that reflect UAS support to other agencies taken from daily reports to the Assistant Commissioner of the Office of Air and Marine with redactions, as appropriate.  Defendant will release the document covering 2010 by May 1, 2013; the document covering 2011 by May 15, 2013; and the document covering 2012 by May 29, 2013.

With respect to the report sought in category three of Plaintiff's FOIA request, CBP cannot provide a specific date for release at this time.  CBP is hopeful that it will be in a position to provide a date for release at the time of the initial case management conference with the Court.

**3.      Legal Issues**

This case presents a procedural issue concerning the timing of Defendant's processing of EFF's FOIA request.  Once Defendant completes processing, the remaining legal issue is whether Defendant has properly withheld records in whole or part under 5 U.S.C. § 552.  EFF reserves the right to challenge the adequacy of Defendant's searches for responsive records after Defendant completes processing of EFF's request and after it files declarations or indices pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-8 (D.C. Cir. 1973).

**4.      Motions**

There are no prior or pending motions.  The parties anticipate that this case is likely to be disposed of on dispositive motions.  The parties submit, however, that scheduling any such motion is premature at this time.  The parties are currently working in good faith to resolve some of the claims and issues in this action.

**5.      Amendment of Pleadings**

No party anticipates amending its pleadings to add or dismiss claims or defenses.

### 6.    Evidence Preservation

Defendant is taking all reasonable steps to preserve documents responsive to EFF's FOIA request.

### 7.    Disclosures

The parties agree and stipulate under Federal Rule of Civil Procedure 26(a)(1)(A) that initial disclosures are not necessary, as this is a FOIA action for which there is no need to exchange.

### 8.    Discovery

To date, no discovery has been taken by any party.  The parties do not anticipate proposing any limitations or modifications of the discovery rules.  Defendant contends that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery").

### 9.    Class Actions

This case is not a class action.

### 10.    Related Cases

There are no related cases pending before this Court as defined by Local Rule 3-12.

### 11.    Relief

EFF seeks injunctive relief with respect to the release and disclosure of all records responsive to its FOIA request.  EFF also seeks reasonable attorney's fees incurred in this litigation. Defendant denies that plaintiff is entitled to the relief requested or any relief whatsoever.

### 12.    Settlement and ADR

The parties believe that the prospect of settlement is low at this time.  The parties have conferred about ADR processes in conformance with ADR Local Rule 3-5.  The parties believe that this case is not well suited to ADR resolution, and therefore have filed a Notice of Need for ADR Phone Conference pursuant to ADR Local Rule 3-5(c)(2), (Dkt. No. 18), and an ADR telephone conference has been set for March 18, 2013 (ADR Remark dated March 5, 2013).  The

parties do intend, however, to meet and confer upon the conclusion of Defendant's processing in an attempt to narrow the issues in dispute before presenting any such issues to the Court.

### 13.    Consent to Magistrate for All Purposes

The parties have not agreed to consent to assignment of this case to a magistrate judge.

### 14.    Other References

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

### 15.    Narrowing of Issues

The parties have not agreed to narrow the legal issues remaining in this case at this time, though the parties have discussed narrowing the scope of Plaintiff's FOIA request. No party requests bifurcation of any issues, claims, or defenses. As noted above, the parties anticipate that they will meet and confer upon the completion of Defendant's processing in an attempt to narrow any issues in dispute before bringing any such dispute before the Court.

### 16.    Expedited Trial Procedure

The parties agree that this is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

### 17.    Scheduling

CBP has released the only record responsive to the first category of documents sought in Plaintiff's FOIA request.

In the March 6, 2013 telephone conversation mentioned above, counsel for Defendant proposed that, with regard to the second category of documents sought in Plaintiff's FOIA request, Defendant will release, for each year covered by the request, a document containing entries that reflect UAS support to other agencies taken from daily reports to the Assistant Commissioner of the Office of Air and Marine with redactions, as appropriate.  Defendant will release the document covering 2010 by May 1, 2013; the document covering 2011 by May 15, 2013; and the document covering 2012 by May 29, 2013.

Finally, CBP cannot provide a specific date for release of the report identified in the third category of Plaintiff's FOIA request, but hopes to be able to do so at the time of the initial case management conference.

The parties anticipate that, upon the completion of Defendant's processing, they will meet and confer in an attempt to narrow any issues, and any remaining areas of dispute will be presented to the Court by one or more motions for summary judgment.

**18.    Trial**

The parties anticipate that this entire case will be resolved by the Court on dispositive motions, and do not anticipate that this case will be decided by a jury.

**19.    Disclosure of Non-Party Interested Entities or Persons**

Defendant has not filed a Certification of Interested Entities or Persons because Local Rule 3-16 excuses government entities or their agencies from this requirement. EFF filed a Certification of Interested Entities or Persons as required by Local Rule 3-16 stating that, aside from the named parties, there is no interest to report. (Dkt. No. 20.)

**20.    Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

None.

DATED: March 13, 2013                      Respectfully submitted,


*/s/ Jennifer Lynch*
ELECTRONIC FRONTIER FOUNDATION
Jennifer Lynch, Esq.
454 Shotwell Street
San Francisco, CA  94110
Telephone:  (415) 436-9333
Facsimile:  (415) 436-9993
*Attorney for Plaintiff*

STUART F. DELERY
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Jennie L. Kneedler*
Jennie L. Kneedler
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone: (202) 305-8662
Facsimile:  (202) 616-8470
E-mail: Jennie L. Kneedler
*Attorneys for Defendant*

1

## DECLARATION PURSUANT TO CIVIL L. R. 5-1(i)(3)

2      I, Jennifer Lynch, attest that I have obtained the concurrence of Jennie L. Kneedler,

3   Counsel for Defendant, in the filing of this document.

4      Executed on March 14, 2013, in San Francisco, California.

5                                          */s/ Jennifer Lynch*
                                           Jennifer Lynch
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28