STUART F. DELERY
Assistant Attorney General
MELINDA L. HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director
JENNIE L. KNEEDLER, D.C. Bar No. 500261
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 305-8662
Facsimile:  (202) 616-8470
Email: Jennie.L.Kneedler@usdoj.gov

*Attorneys for Defendant*
*United States Department of Homeland Security*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No.: 12-cv-5580 PJH |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | |
| Defendant. | Date:  December 11, 2013<br>Time:  9:00 a.m.<br>Place: Courtroom 3, 3rd floor<br>Judge: Hon. Phyllis J. Hamilton |

REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION
TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT
Case No.: 12-cv-5580 PJH

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT……………………………………………………....1

II.  BACKGROUND…………………………………………………………………....1

III.  ARGUMENT………………………………………………………………………..2

   A. CBP Properly Withheld Information Pursuant to Exemption (7)(E)……………………2

      1. Law Enforcement Techniques and Procedures Receive Categorical Protection…….2

      2. Location Information Was Properly Redacted in the Daily Reports………………...3

      3. The Information Withheld from the Daily Reports Is Not Generally Known………6

      4. Location Information Was Properly Redacted in the CONOPS Report…………….8

      5. The Information Withheld from the CONOPS Report Is Not Generally Known…...9

   B. CBP Has Reasonably Segregated Exempt Portions from the CONOPS Report……….10

IV.  CONCLUSION…………………………………………………………………...11

# TABLE OF AUTHORITIES

**CASES**                                                                                                                        **PAGE(S)**

*Allard K. Lowenstein Int'l Human Rights Project v. DHS*,
   626 F.3d 678 (2d Cir. 2010) .................................................................................................. 3

*Asian Law Caucus v. DHS*,
   No. C 08-00842 CW, 2008 WL 5047839 (N.D. Cal. Nov. 24, 2008) .................................... 2, 3, 6

*Barnard v. DHS*,
   598 F. Supp. 2d 1 (D.D.C. 2009) ........................................................................................ 6, 7

*Bowen v. FDA*,
   925 F.2d 1225 (9th Cir. 1991) ............................................................................................. 6

*Coastal Delivery Corporation v. U.S. Customs Service*,
   272 F. Supp. 2d 958 (C.D. Cal. 2003) ........................................................................... 3, 8, 10

*Council on American-Islamic Relations v. FBI*,
   749 F. Supp. 2d 1104 (S.D. Cal. 2010) ........................................................................ 3, 6, 7, 9, 10

*Electronic Frontier Foundation v. DOD*,
   No. C 09-05640 SI, 2012 WL 4364532 (N.D. Cal. Sept. 24, 2012) ........................................ 2, 6

*Frugone v. CIA*,
   169 F.3d 772 (D.C. Cir. 1999) ............................................................................................. 8

*Gordon v. FBI*,
   388 F. Supp. 2d 1028 (N.D. Cal. 2005) ................................................................................ 3

*Lewis-Bey v. DOJ*,
   595 F. Supp. 2d 120 (D.D.C. 2009) ..................................................................................... 4

*Mayer Brown LLP v. IRS*,
   562 F.3d 1190 (D.C. Cir. 2009) ........................................................................................ 3, 4

*Steinberg v. DOJ*,
   179 F.R.D. 357 (D.D.C. 1998) ............................................................................................. 5

*Yonemoto v. Dep't of Veterans Affairs*,
   686 F.3d 681 (9th Cir. 2012) ............................................................................................... 5

**STATUTORY LAW**

5 U.S.C. § 552 .......................................................................................................................... 1

5 U.S.C. § 552(b)(7)(E) ....................................................................................................... 1, 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     PRELIMINARY STATEMENT

Defendant's motion for summary judgment established that U.S. Customs & Border Protection ("CBP"), a component of defendant U.S. Department of Homeland Security ("DHS" or "defendant"), conducted an adequate search for records and released to plaintiff Electronic Frontier Foundation ("EFF" or "plaintiff") all non-exempt, reasonably segregable information contained within those records.  Defendant also explained the exemptions claimed with enough specificity to allow plaintiff and the Court to determine whether the information was properly withheld under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  Plaintiff's motion for summary judgment does nothing to undermine defendant's arguments on any of these points.  For these reasons, as further explained below, this Court should deny plaintiff's cross-motion for summary judgment and grant defendant's motion for summary judgment.

## II.    BACKGROUND

Plaintiff's motion for summary judgment makes clear that several issues discussed in defendant's Memorandum of Points and Authorities in Support of its Motion for Summary Judgment ("Defendant's Memorandum") are no longer in dispute.  First, plaintiff confirmed that it does not challenge the adequacy of CBP's search.  *See* Pl.'s Mem. at 7.  In addition, plaintiff's memorandum did not contest that the records at issue were compiled for law enforcement purposes or that the withholdings would disclose techniques and procedures for law enforcement investigations.  Therefore, for the reasons stated in Defendant's Memorandum, summary judgment should be granted to defendant on these issues.  *See* Def.'s Mem. at 5-7 (discussing adequacy of search); *id*. at 8, 10, 13 (showing that records were compiled for law enforcement purposes); *id*. at 9-15 (demonstrating that withholdings would disclose techniques and procedures for law enforcement investigations).

This Court should also grant summary judgment to defendant on the issues that remain in dispute.  The parties continue to disagree as to (1) whether defendant must show that disclosure of the techniques and procedures "could reasonably be expected to risk circumvention of the law," 5

U.S.C. § 552(b)(7)(E), and if so, whether defendant has done so; (2) whether the information withheld describes techniques and procedures not generally known to the public; and (3) whether defendant reasonably segregated exempt portions from the CONOPS Report.  Though courts are split on issue (1), above, defendant demonstrated in its opening brief that it has the stronger argument.  *See* Def.'s Mem. at 8-9.  Even if defendant had to show that the information it has withheld could reasonably be expected to risk circumvention of the law, the Declaration of Lothar Eckardt that accompanied defendant's Motion for Summary Judgment sufficiently demonstrates this for each category of information withheld.  Plaintiff does not meaningfully challenge the statements in the Eckardt Declaration on this issue – or on issue (2), above.  Rather plaintiff speculates as to the nature of the information withheld.  This is not sufficient to defeat defendant's motion for summary judgment.  Finally, plaintiff relies on inapposite case law to support its argument that defendant has not reasonably segregated information from the CONOPS Report.  Therefore, defendant's Motion for Summary Judgment should be granted.[1]

### III.     ARGUMENT

#### A.  CBP Properly Withheld Information Pursuant to Exemption 7(E)

##### 1.  Law Enforcement Techniques and Procedures Receive Categorical Protection

Defendant's Memorandum acknowledged that courts disagree as to whether "techniques and procedures for law enforcement investigations" receive categorical protection under FOIA, and the cases cited by plaintiff show nothing different.  *See* Def.'s Mem. at 8-9 (citing *Asian Law Caucus v. DHS*, No. C 08-00842 CW, 2008 WL 5047839, at *3 (N.D. Cal. Nov. 24, 2008) (noting that courts "have come out on both sides of the issue").  Moreover, though some district courts in the Ninth Circuit have held that a defendant must show that releasing "techniques and procedures

---

[1] If this Court finds that defendant has not sufficiently justified the withholding of a category of information, defendant respectfully requests that it be given the opportunity to file a supplemental declaration and *Vaughn* index further addressing that information.  *See Elec. Frontier Found. v. DOD*, No. C 09-05640 SI, 2012 WL 4364532, at *10 (N.D. Cal. Sept. 24, 2012) (denying cross motions for summary judgment and requiring the FBI to provide a supplemental declaration and *Vaughn* index to address deficiencies identified by the Court regarding certain withholdings under exemption (7)(E) "[g]iven the law enforcement context").

for law enforcement investigations" "could reasonably be expected to risk circumvention of the law,"[2] not all have,[3] and the Ninth Circuit has not addressed the issue. *See Asian Law Caucus*, 2008 WL 5047839, at *3 (saying that the Ninth Circuit has not "squarely addressed" the issue). Finally, the better reasoned decisions recognize that providing categorical protection to "techniques and procedures" is consistent with both the plain meaning of the statute and the history of the amendments to exemption (7)(E) in 1986. *See, e.g.*, *Allard K. Lowenstein Int'l Human Rights Project v. DHS*, 626 F.3d 678, 681 (2d Cir. 2010) (finding that the "sentence structure of Exemption (b)(7)(E)" and "basic rules of grammar and punctuation dictate that the qualifying phrase modifies only the . . . 'guidelines' clause" and that "[a]ny potential ambiguity in the statute's plain meaning is removed . . . by the history of the statute's amendments"). Plaintiff does not engage this issue at all or explain why the interpretation it advances is more faithful to the statutory language. Therefore, defendant's motion for summary judgment should be granted because defendant has shown that the information withheld receives categorical protection under exemption (7)(E).

**2. Location Information Was Properly Redacted in the Daily Reports**

Even if a showing that "disclosure could reasonably be expected to risk circumvention of the law" were required to withhold information that "would disclose techniques and procedures for law enforcement investigations," DHS would still be entitled to summary judgment. *See Asian Law Caucus*, 2008 WL 5047839, at *3-5 (finding it unnecessary to determine whether "circumvention" phrase applied to all of (7)(E) because defendant carried its burden to justify non-disclosure under either interpretation). As defendant explained in its opening memorandum, 7(E)

---

[2] Two of the cases relied on by plaintiff merely set forth what a defendant withholding information pursuant to exemption (7)(E) must show, without analyzing the statutory language or discussing the conflicting interpretations. *See Council on American-Islamic Relations v. FBI*, 749 F. Supp. 2d 1104, 1123 (S.D. Cal. 2010); *Gordon v. FBI*, 388 F. Supp. 2d 1028, 1035 (N.D. Cal. 2005).

[3] *See Coastal Delivery Corp. v. U.S. Customs Serv.*, 272 F. Supp. 2d 958, 963 (C.D. Cal. 2003) ("Assuming that the number of containers examined is a guideline rather than a technique or a procedure, defendant would then need to show that revealing this information could reasonably be expected to risk circumvention of the law.").


"exempts from disclosure information that could *increase the risks* that a law will be violated or that past violators will escape legal consequences." *Mayer Brown LLP v. IRS*, 562 F.3d 1190, 1193 (D.C. Cir. 2009) (emphasis in original). "Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] 'demonstrate[] logically how the release of [the requested] information might create a risk of circumvention of the law.'" *See id*. at 1194 (quotation omitted); *see id*. ("the text of exemption 7(E) is much broader" than other FOIA exemptions that "set a high standard"). Defendant has clearly shown this for the categories of information at issue here, and plaintiff's arguments to the contrary are pure speculation.

Plaintiff challenges the withholding of location information from the Daily Reports saying that defendant has not shown that the information is "precise" enough to risk circumvention of the law. *See* Pl.'s Mem. at 10. However, this argument is belied by the Eckardt Declaration itself. For example, the Eckardt Declaration explicitly stated that the redactions for "location of operation" (Explanation A) and "map of location of operation" (Explanation B), which constitute the great majority of the location redactions in the Daily Reports, would reveal the particular geographic location where a UAS operated during a given flight or a map showing the exact location of a particular operation, respectively. *See* Eckardt Decl. ¶¶ 11-12, Def.'s Mem. at 10-11. The Eckardt Declaration also explains that releasing this information would show where CBP has clearance to fly, as well as where CBP and other agencies focus their attention. It is only logical that knowledge of this type of information might create a risk of circumvention of the law because it would enable persons to focus their activities in other geographical areas so as to avoid detection. *See id*. *See also Lewis-Bey v. DOJ*, 595 F. Supp. 2d 120, 138 (D.D.C. 2009) (details of ATF electronic surveillance techniques, including the specific location where they were employed, were exempt from disclosure pursuant to (7)(E)). Plaintiff fails to discuss these categories of information in its memorandum, let alone address the statements in the Eckardt Declaration. Therefore, this Court should hold that CBP properly withheld this location information from the Daily Reports.

The only category of location information that plaintiff does address in its opening memorandum is the withholding of portions of supporting agency names where the name includes the location of the operation (Explanation C).  Plaintiff's arguments fare no better, however, because plaintiff ignores the statements in the Eckardt Declaration and relies again on pure speculation.  Plaintiff claims that "counties are, in general, so large that releasing their names would not lead to circumvention of the law," s*ee* Pl.'s Mem. at 10-11, but provides no support for this bare assertion.  Plaintiff also acknowledges that this assertion contradicts the Eckardt Declaration, which explains that disclosing the county names "would reveal a considerably small, precise location" where CBP operates, s*ee* Eckardt Decl. ¶ 14, but does not explain why this Court should disregard the Eckardt Declaration on this point.  The Court should not do so, especially given that plaintiff does not respond to the explanation provided in the Eckardt Declaration as to why disclosure of this information would risk circumvention of the law.  *See id*.  Plaintiff cannot meet its burden of showing defendant is improperly withholding agency records by relying on pure speculation in an effort to counter the statements in defendant's affidavit.  *See Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 689 (9th Cir. 2012) ("Under the FOIA, a plaintiff's ability to obtain relief is dependent upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records.") (internal quotation and citation omitted); *Steinberg v. DOJ*, 179 F.R.D. 357, 360 (D.D.C. 1998), *aff'd*, 1999 WL 1215779 (D.C. Cir. 1999) (plaintiff could not defeat defendant's motion for summary judgment based on "pure conjecture about the possible content of withheld information").  Moreover, the Supplemental Declaration of Lothar Eckardt, attached as Exhibit 1, reaffirms that disclosure of the location information withheld in this case would risk circumvention of the law.  *See* Supp. Eckardt Decl. ¶ 5.  It states that "the information related to the location of operations and airspace restrictions is of utmost importance to OAM and can cause the most harm if this information is released."  *Id*.  Therefore, this Court should grant defendant's motion for summary judgment as to the location redactions in the Daily Reports.

**3. The Information Withheld from the Daily Reports Is Not Generally Known**

Plaintiff also challenges the withholding of certain categories of information from the Daily Reports on the grounds that defendant has not shown that that the law enforcement techniques and procedures that are being withheld are not generally known to the public. This position, however, once again ignores the contents of the Eckardt Declaration. *See* Eckardt Decl. ¶¶ 11-16. The Supplemental Declaration of Lothar Eckardt, submitted concurrently herewith, provides further explanation, saying that "[t]he information withheld from the records released to EFF pursuant to Exemption 7(E) is not generally known to the public or, if some tactics, techniques or procedures are generally known, the information withheld from the Plaintiff contains more detailed information and/or analysis than has been previously released." Supp. Eckardt Decl. ¶ 3. It is proper for the government to withhold this type of information under FOIA. *See Bowen v. FDA*, 925 F.2d 1225, 1228–29 (9th Cir. 1991) (declining to release specifics of cyanide-tracing techniques though some knowledge of techniques was known to the public); *see also Elec. Frontier Found. v. DOD*, No. C 09-05640 SI, 2012 WL 4364532, at *4 (N.D. Cal. Sept. 24, 2012) ("[T]he government may withhold detailed information regarding a publicly known technique where the public disclosure did not provide 'a technical analysis of the techniques and procedures used to conduct law enforcement investigations.'") (quoting *Bowen*); *Council on American-Islamic Relations v. FBI*, 749 F. Supp. 2d 1104, 1123 (S.D. Cal. 2010) ("[C]ourts have held Exemption 7(E) applies even when the identity of the techniques has been disclosed, but the manner and circumstances of the techniques are not generally known, or the disclosure of additional details could reduce their effectiveness."); *Asian Law Caucus*, 2008 WL 5047839, at *4 ("The public does not already have routine and general knowledge about any investigative techniques relating to watchlists. The public merely knows about the existence of watchlists. Knowing about the general existence of government watchlists does not make further detailed information about the watchlists routine and generally known."); *Barnard v. DHS*, 598 F. Supp. 2d 1, 23 (D.D.C. 2009) (recognizing that "[t]here is no principle . . . that requires an agency to release all details concerning these and similar techniques simply because some aspects of them are known to the

public."). Therefore, defendant's motion for summary judgment should be granted as to the following categories of information.

***Type of Operation***: Plaintiff argues that defendant has not shown that information regarding the type of operation would reveal law enforcement techniques and procedures that are not generally known to the public, but the Eckardt Declaration addressed this issue specifically. *See* Eckardt Decl. ¶ 15 ("Releasing the type of operation or the nature or purpose of the operation would reveal law enforcement techniques and procedures that CBP uses to deal with that type of operation and that are not generally known to the public."). Plaintiff provides no reason why the Court should discredit this statement. The Supplemental Eckardt Declaration provides even more explanation regarding the type of information that is redacted under this category, further showing why disclosure would reveal information that is not generally known to the public. It explains that this information contains the names used by the law enforcement community to describe what law enforcement action is taking place in a given operation. Supp. Eckardt Decl. ¶ 4. In other words, this category is a short-hand way to describe the "specifics about a case," a category of information withheld from the Daily Reports that plaintiff agreed not to challenge. *See id.*; *see also* Def.'s Mem. at 10 (listing categories of information from the Daily Reports challenged by plaintiff). This category of information thus quickly and accurately identifies what has taken place in a given UAS flight. *See* Supp. Eckardt Decl. ¶ 4. It is also provided to CBP by the agency being supported by CBP. *See id.* Releasing this information would reveal to the public that OAM uses these types of operations with UAS in conjunction with other agencies. *See id.* Therefore, this information was properly withheld.

***Operational Capabilities***: Plaintiff also challenges defendant's withholding of information regarding operational capabilities, claiming that "many operational capabilities and vulnerabilities of Predator drone surveillance and of Border Patrol in general are already widely known." Pl.'s Mem. at 13. However, the Eckardt Declaration explicitly states that "[a]lthough some UAS capabilities have been made publicly available, the exact contours of their abilities and limitations are not publicly known." Eckardt Decl. ¶ 26. Plaintiff completely ignores this statement and

instead asks this Court to assume, without any basis, that the information plaintiff cites from various news reports and Congressional testimony is the same information that is being withheld. Speculation is not sufficient, however, to challenge defendant's assertion of the exemption. *See Council on American-Islamic Relations*, 749 F. Supp. 2d at 1113 (assertion that information was publicly available based on general information on the FBI's intelligence-gathering methods or second-hand accounts of these efforts provided no basis for believing that the publicly available information was "as specific as the information that the FBI seeks to withhold"). *See also Coastal Delivery Corp.*, 272 F. Supp. 2d at 965 (for an agency to have waived the right to argue an exemption, the agency "must have disclosed the exact information at issue").[4]

### 4. Location Information Was Properly Redacted in the CONOPS Report

Plaintiff claims that defendant has failed to show that it properly withheld information from the CONOPS Report for the same reasons that defendant has not substantiated its withholdings of information from the Daily Reports, yet plaintiff only discusses two of the nine categories of information withheld from the CONOPS Report in the memorandum in support of its cross motion for summary judgment. Because plaintiff fails to even argue that defendant is improperly withholding the following seven categories of information, and defendant explained these exemptions with enough specificity to allow plaintiff and the Court to determine whether the information was properly withheld under FOIA, defendant is entitled to summary judgment as to the following withholdings from the CONOPS Report: (1) Target List, (2) Airspace Restrictions and Operational Challenges, (3) Map Showing Airspace Restrictions and Law Enforcement Techniques, (4) Identification of a Threat, (5) Analysis of a Threat, (6) Targeting Priorities and Techniques, and (7) UAS Capabilities. Moreover, for those categories of information that plaintiff does address in its memorandum, the line of argument is not sufficient to defeat defendant's motion

---

[4] "The Government waives its right to invoke an otherwise applicable exemption to the FOIA when it makes an 'official and documented' disclosure of the information being sought." *Frugone v. CIA*, 169 F.3d 772, 774 (D.C. Cir. 1999) (quotation omitted). A disclosure is not "official" if it is "made by someone other than the agency from which the information is being sought." *Id.* Therefore, the fact that information may appear in second-hand sources, such as news outlets, has no bearing on whether defendant can withhold it under FOIA.

for summary judgment.

Plaintiff claims that defendant has not shown that revealing information about airspace restrictions would risk circumvention of the law because CBP has released some information about where it is permitted to operate and that has not presented a risk of circumvention of the law. *See* Pl.'s Mem. at 16. Once again, however, this line of argument is based on pure speculation. It is also another way of arguing that the information is generally known to the public; however plaintiff has not shown that the information contained in the Congressional testimony it relies on is the same type of information or as specific as the information that defendant has withheld in this category. *See Council on American-Islamic Relations*, 749 F. Supp. 2d at 1113 (assertion that information was publicly available based on general information on the FBI's intelligence-gathering methods or second-hand accounts of these efforts provided no basis for believing that the publicly available information was "as specific as the information that the FBI seeks to withhold"). Plaintiff also misstates the legal standard the Court must apply when arguing that it would be "unlikely" that releasing information on where CBP is authorized to fly "would affect actual criminal activity on the ground." *See* Pl.'s Mem. at 16. The relevant test is whether release "could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). It is logical that the release of specific information about where CBP is authorized to fly might create a risk of circumvention of the law because persons could target their illegal activity in those areas where CBP is not authorized to fly, thus impeding ongoing enforcement activities. *See* Eckardt Decl. ¶ 21. The Supplemental Eckardt Declaration confirms this, saying that "the information related to the location of operations and airspace restrictions is of utmost importance to OAM and can cause the most harm if this information is released." Supp. Eckardt Decl. ¶ 5. Therefore, defendant properly withheld this category of information.

### 5. The Information Withheld from the CONOPS Report Is Not Generally Known

Plaintiff also challenges the withholding of "gap analysis" information from the CONOPS Report on the grounds that defendant has not shown that that the law enforcement techniques and procedures that are being withheld in this category are not generally known to the public. *See* Pl.'s

Mem. at 15. The Supplemental Eckardt Declaration explains, however, that "[t]he information withheld from the records released to EFF pursuant to Exemption 7(E) is not generally known to the public or, if some tactics, techniques or procedures are generally known, the information withheld from the Plaintiff contains more detailed information and/or analysis than has been previously released." Supp. Eckardt Decl. ¶ 3.[5] Moreover, it is only logical that CBP would not share information regarding the gaps in homeland security and operational capability that are addressed by the UAS program with the public, at least at the level of detail contained in the Report, as it would reveal the specific areas that present difficulty to the agency in detecting criminal activity and the program's vulnerabilities. *See* Eckardt Decl. ¶ 18. Plaintiff's argument to the contrary is, once again, based entirely on speculation. Plaintiff has not shown that defendant is withholding the "same information" that plaintiff claims is available in reports, news articles, and statements to Congress. *See* Pl.'s Mem. at 15. Therefore, defendant properly withheld this information. *See Coastal Delivery Corp.*, 272 F. Supp. 2d at 965 (for an agency to have waived the right to argue an exemption, the agency "must have disclosed the exact information at issue").

### B. CBP Has Reasonably Segregated Exempt Portions from the CONOPS Report

Plaintiff's claim that defendant has not satisfied its burden as to segregability is based on cases where the contents of entire documents had been withheld in full, which is not the case here. Defendant has withheld only 3 pages of the 113-page CONOPS Report in their entirety, and only 26 pages contain any withholdings at all.[6] *See* Eckardt Decl., Ex. 2. Furthermore, the Howard

---

[5] The Eckardt Declaration explained that the majority of the categories of information withheld from the CONOPS Report are not generally known to the public. *See* Eckardt Decl. ¶¶ 19-22, 26. Where the Eckardt Declaration did not explicitly address this issue for a category of information, it was simply an oversight. The Supplemental Eckardt Declaration, submitted concurrently herewith, confirms that none of the information withheld from the records released to plaintiff is generally known to the public. *See* Supp. Eckardt Decl. ¶ 3.

[6] Plaintiff provides no support for its general claim that the law enforcement techniques and procedures withheld in the CONOPS Report are "likely known to the public," Pl.'s Mem. at 18, and defendant has shown that they are not. Moreover, it is unclear what plaintiff is suggesting when plaintiff refers to "the general nature of the CONOPS Report" as somehow showing that defendant has not satisfied its burden as to segregability, *see id*., but if plaintiff is referring to the

Declaration submitted with defendant's motion for summary judgment explained that CBP conducted a line-by-line review of the CONOPS Report. Where portions of individual pages, or full pages, are redacted, it is because the information is exempt from disclosure pursuant to exemption (7)(E) or is not reasonably segregable because it is so intertwined with protected material that segregation is not possible or its release would have revealed the underlying protected material. *See* Howard Decl. ¶ 21. CBP also made a discretionary release to plaintiff of additional information from the CONOPS Report that had previously been redacted, *see id*. ¶ 20, which further demonstrates that defendant has performed a careful review of the Report and released all non-exempt information. Defendant is entitled to summary judgment on this issue.

### IV.     CONCLUSION

For the foregoing reasons, and the reasons discussed in the Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment, defendant's motion should be granted, and plaintiff's Motion for Summary Judgment should be denied.

DATED: November 6, 2013                    Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

MELINDA L. HAAG
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

  */s/ Jennie L. Kneedler*
JENNIE L. KNEEDLER D.C. Bar #500261
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
Telephone:     (202) 305-8662
Facsimile:      (202) 616-8470
Jennie.L.Kneedler@usdoj.gov

*Attorneys for the U.S. Department of Homeland Security*

---

fact that the Report was made to Congress, defendant addressed this issue in its opening memorandum. *See* Def.'s Mem. at 13 n.4.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2013, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

Executed on November 6, 2013, in Washington, D.C.

          */s/ Jennie L. Kneedler*
          Jennie L. Kneedler